IVORY, Respondent, v. CARLIN *et al.*, Appellants.

1. The objection that a petition does not state facts sufficient to constitute a cause of action is not waived by a failure to take the same by demurrer or answer.
2. The assignee of a non-negotiable note can maintain no action against the assignor unless he has first used due diligence to recovery of the maker, or unless such maker is a nonresident or insolvent. (R. C. 1855, p. 323.)

*Appeal from St. Louis Circuit Court.*

*Rankin*, for appellants.

*A. J. P. Garesché*, for respondent.

I. The petition, though awkwardly worded, was sufficient. (See 23 Mo. 254.) The motion in arrest was properly overruled. It is doubtful if such a motion now exists. (3 Abb. P. R. 428; 8 How. Pr. R. 160; 3 Seld. 576.) The verdict cured the defect, if any. The objection should have been made at the trial.

EWING, Judge, delivered the opinion of the court.

This was an action on a promissory note for six hundred dollars by the respondent as endorsee, of which Carlin was the maker, payable to his own order, and English the endorser. There was a trial by the court without a jury and judgment for the respondent. A motion in arrest of judgment being overruled, the cause is brought here by appeal.

The only question is as to the sufficiency of the petition, which alleges that the defendant Carlin by his promissory note, herewith filed, dated St. Louis, June 4, 1857, promised, for value received, to pay to his own order, four months after the date thereof, the sum of six hundred dollars; that subsequently defendant Carlin assigned by endorsement and delivered said note to the defendant Ezra O. English; and that said English subsequently assigned by endorsement and delivered said note to plaintiff. The petition then alleges protest of the note, demand of the maker, and notice to the endorsers. The note does not appear in the transcript, and the note, as set out in the petition, is not a negotiable instrument in the sense of the statute concerning bills of exchange (sec. 15), on which a suit could be maintained against an endorser before exhausting the remedy against the maker, and on which damages are allowed; but is an assignable note, the payment of which can be enforced against the assignor only upon failure of the maker in the cases specified

by the statute. (R. C. tit. Bonds and Notes, § 6, p. 323.) The defect in the petition was not waived by a failure to demur or answer, because the facts stated were insufficient to constitute a cause of action. (R. C. p. 1231, § 10; Weaver v. Beard, 21 Mo. 156. See also Andrews v. Lynch, 27 Mo. 169.)

Judgment reversed and cause remanded; Judge Scott concurring. Judge Napton absent.