# EVA CARTWRIGHT et al. v. LIBERTY TELE-PHONE COMPANY, Appellant.

**Division One, June 29, 1907.**

1. **BILL OF EXCEPTIONS: Untimely Filing: Holiday.** The appellant was allowed until the first day of the February term to file his bill of exceptions, which was the twenty-second of the month, and he filed the bill on the twenty-third. *Held*, that the mere fact that the first day of the term fell on a legal holiday was no legal excuse for appellant's failure to file its bill on or before that day, and the bill was not filed in time, and cannot be considered.

2. ———: **Cause of Action.** An objection that the petition does not state facts sufficient to constitute a cause of action need not · be raised in the appellate court for the first time.

3. **STREETS: Shade Trees: Telephone Company: Trespasser.** If a telephone company is a trespasser on the street, that is, in the absence of a showing that the city granted it a franchise or a license to occupy its streets with poles and wires, it cannot, when sued by the owner of property abutting on the street for cutting, for the accommodation of its wires, trees along the pavement which beautified his premises and protected his dwelling, shield or protect itself behind the plea that the city had the power to apply the street to all the uses consistent with the purposes for which it was acquired and to delegate to the telephone company the right to conduct its telephone business along the street.

4. ———: ———: **Right of Property-Owner in Street.** The property-owners in cities, towns and villages own to the center of the adjoining street, subject to the public easement. The municipal corporation has the right to subject the street to all the uses or purposes for which it was acquired; but until it does subject it to one or more of those uses, or so long as he and the city can jointly occupy or use the street without doing violence to the full, free and complete exercise of the public easement, the property-owner is as much the owner to the center of the street as he is of the rest of the lot, and has the same right to use it in any manner and for any purpose not inconsistent with the rights of the public.

5. ———: ———: **Public Health.** If not expressly prohibited by ordinance, the lotowner has the right to plant and grow shade and ornamental trees along the edge of the sidewalk in front of

his property. They contribute not only to the beauty, comfort and enjoyment of the lot, but are highly conducive to the public health.

6. ——: ——: **Power of City Over.** No one has the right or power to deprive the property-owner of trees planted and grown along the edge of the sidewalk in front of his lot, except the city itself, and even its power is not absolute; it must exercise it with prudence and within reason, and not wantonly or wilfully.

7. ——: ——: **Public Service Corporations,** such as a telephone company, have no right or authority, for the accommodation of its wires and poles, to mutilate, damage or destroy shade or ornamental trees growing in a public street, unless it has been granted that authority, specially or generally, by the city, and then only when that grant is in harmony with and recognizes the right and interest of the abutting property-owner in and to the trees.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*W. H. Woodson* for appellant.

(1) The cutting of the branches on trees, located on the public street, by the telephone company, was not a damaging of the private property of plaintiffs for public use within the meaning of article 2, section 21, of our Constitution. When the public acquires a street in a city, either by condemnation, grant or dedication, it may be applied to all purposes consistent with the proper use of a street. It is only when a street is subject to a new servitude inconsistent with and subversive of its proper use as a street, that the abutting landowner can complain. The erection and maintenance of telephones are a proper use of a street. The owner of the adjoining premises cannot claim damages resulting thereto from such user of the street. Julia Building Assn. v. Bell Tel. Co., 88 Mo. 258; Ferrenbach v. Turner, 86 Mo. 416; Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co., 82 Mo. 121; West v. Bancroft, 32 Vt. 367. (2) Plaintiffs' ownership of the

trees, planted by them or by devolution of title to the adjacent property, was and is a qualified and limited ownership, subordinate to the public right to safe and convenient passage, and to the rights, powers and duties of the governing municipal body in the protection, promotion and establishing of every public use in and upon the streets of a city. So. Bell Tel. & Tel. Co. v. Francis, 109 Ala. 224. (3) Whenever an electrical company has received proper legislative and municipal authority to construct its lines in the streets, it acquires power to do and perform all acts which are necessary to effect the purposes intended; and where it is necessary, in the construction and maintenance of its line, to cut or trim trees planted in or by the sidewalk, it may cut such trees so far as is reasonably necessary, but will be liable to an abutting owner in damages for any unreasonable and unnecessary cutting. Joyce on Elec. Law, 395; Gorman v. East Chester Elec. Co., 80 Hun 290.

*D. C. Allen, H. F. Simrall* and *S. G. Sandusky* for respondents.

(1) There was no bill of exceptions filed in this cause within the time required, and there is nothing before the court except the record proper. The fact that the first day of the February term, 1904, came on February 22, — a public holiday, — does not affect the question. February 22 is *dies juridicus,* except for certain special purposes. Stewart v. Brown, 112 Mo. 182; In re Charles Greene, 86 Mo. App. 223. This bill could have been filed on any day between November 12, 1903, and February 22, 1904, inclusive, except Sundays. (2) There is no error in the record proper. The petition contains the necessary allegations to recover both compensatory and exemplary damages. (3) Appellant showed no authority to be in this street for any purpose. It was a trespasser. R. S. 1899, sec. 1260. (4) Respondents,

as abutting lotowners, were entitled to recover damages for the mutilation of their shade trees along their lot line. McAntire v. Tel. Co., 75 Mo. App. 535; 2 Dillon on Municipal Corp. (4 Ed.), sec. 663; Daily v. State (Ohio), 37 N. E. 710.

WOODSON, J.—The plaintiffs instituted this suit against the defendant, in the circuit court of Clay county, to recover damages for injuries done their property, caused by cutting and otherwise mutilating ornamental and shade trees, growing along the sidewalk, near the curb line, in front of their dwelling, on one of the public streets of the city of Liberty.

The petition for cause of action alleged, substantially, that the defendant was a corporation, organized and existing under and by virtue of the laws of the State of Missouri; that on September 10, 1903, and prior thereto the plaintiffs owned and were in possession of the property (describing it), and that it had been improved by the erection of a good dwelling thereon, reasonably worth the sum of $4,500, and had been further improved by setting out shade trees, along the pavement in front of said lots, which had grown to be large trees and served to both beautify said property, and to protect the said dwelling house, which fronted west, from the west sun, which added greatly to the comfort and enjoyment of said dwelling; that said trees were located along the pavement, between the center line of the street and the said dwelling aforesaid, and were the property of the plaintiffs. That on September 10, 1903, the defendant, by its agents, officers and servants, acting within the line of their employment, wilfully and wrongfully cut and mutilated the tops and branches of said trees, thereby destroying their beauty and the shade and the comfort they afforded those in the occupancy of said dwelling; that

205 Sup—9

no damages were assessed, nor paid, before said trees were cut, nor at any time, nor were any commissioners appointed for assessing said damages; but defendant cut and mutilated said trees in the presence of Eva Cartwright, one of the plaintiffs, against her consent and over her objections, and in a wilful, wanton and insulting manner, and in reckless disregard of the rights of plaintiffs. That by the wrong aforesaid done said property was injured and depreciated in value to the amount of two hundred dollars; and that plaintiffs were entitled to exemplary damages in the sum of $500, and the prayer was for judgment for said sums.

The answer virtually admitted all the allegations of the petition, excepting the damages. It alleged that the limbs and branches of said trees were in the line of and obstructed its cable and interfered with its telephone service to the public; that said limbs and branches had grown up and pressed against said cable and caused cracks and holes to be rubbed and worn therein, through which rain and water leaked, and that it was thereby greatly damaged and prevented from carrying on its business and from discharging its duty to the public; that, in order to remove said obstructions, it did, in a careful and prudent manner, cut and trim said trees and the branches thereof, in a manner to do as little damage thereto as was possible and to mar them no more than was absolutely necessary, under the circumstances. It also alleged the defendant acted in good faith, and denied all wilful and wanton conduct on the part of its agents and servants.

There was a trial before the court and jury.

The plaintiffs introduced evidence tending to prove all the allegations of the petition; and the defendant's testimony introduced tended to establish those of the answer. The jury found for the plaintiffs and assessed their compensatory damages at the sum of ten dollars,

and the exemplary damages at the sum of twenty-five dollars.

In due time defendant filed its motions for a new trial and in arrest of judgment, which were, by the court, overruled, and defendant excepted, and, in due time, appealed the cause to the Kansas City Court of Appeals. The appeal was allowed November 12, 1903, and appellant was allowed until the first day of the February term, 1904, of said court, in which to file its bill of exceptions; but the record discloses that it was not filed until February 23, 1904, which was the second day of the February term, and the record does not show an extension of time was granted for filing same.

On motion, the Kansas City Court of Appeals transferred the cause to this court. because a constitutional question is involved herein.

I. The bill of exceptions was not presented and filed within the time allowed by the court. While February 22d was a public holiday, yet the mere fact the first day of the February term, 1904, of said court fell on a holiday was no legal excuse for appellant's failure to file the bill on or prior to that day. [Stewart v. Brown, 112 Mo. 171-182; In re Charles Greene, 86 Mo. App. 216-223; State v. Green, 66 Mo. 644.]

The bill of exceptions not having been filed in time, there is nothing presented to this court for review, except the record proper. [Linahan v. Barley, 124 Mo. 560; Priddy v. Hayes, 204 Mo. 358.]

II. One of the grounds assigned for the arrest of the judgment was, that the petition does not state facts sufficient to constitute a cause of action against the appellant, and the objection to the sufficiency of the petition is renewed here. That objection raises a jurisdictional question which can be raised here for the first time and need not be by way of exception. [State ex rel. v. Griffith, 63 Mo. 545; Burns v. Patrick, 27 Mo.

434; Andrews v. Lynch, 27 Mo. 169; Ivory v. Carlin, 30 Mo. 142.]·

Regarding the question in hand, the appellant takes the position that cutting the trees, located upon a public street, by the Telephone Company, was not a damaging of the private property of respondents for public use within the meaning of article 2, section 12, of the Constitution of 1875. That whenever the city acquires a street, avenue, or any other public highway, either by condemnation, grant or dedication, it may be applied to all the purposes consistent with the purposes for which it was acquired, and that it is only when a street is subjected to a new burden inconsistent with and subversive of its proper use as a street that the abutting property-owner can complain. It also contends that the erection and maintenance of telephones are a proper use of a street. The owner of the adjoining premises cannot claim damages resulting thereto from user of street, and cite the following authorities in support of that contention:    Julia Building Assn. v. Bell Telephone Co., 88 Mo. 258; Ferrenbach v. Turner, 86 Mo. 416; Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co., 82 Mo. 121; Dillon, Mun. Corp. (3 Ed.), sec. 690; West v. Bancroft, 32 Vt. 367.

We do not understand that the respondents controvert the rule above contended for by appellant in a proper case. Their answer to this contention is, that the appellant did not allege or prove that it had any right or authority whatever to occupy the streets of Liberty for the use of its cables, or other corporate property, but contend that it is a trespasser upon the streets of that city. There is nothing in this record to show the city of Liberty ever granted the appellant a franchise or a license to conduct a telephone business in that city, or authorized it to use or occupy its streets with its poles, wires and cables. In the absence of such

a showing, the appellant is in no position to contend that the uses to which it is putting the streets are consistent with the purposes for which they were acquired. The mere fact that the city has the authority to use its streets for such purposes, or that it has the power to delegate that right or privilege to others will not avail appellant, without it first shows the city has granted that right and privilege to it. If it was a trespasser in the performance of the acts complained of by the respondents, then it cannot shield or defend itself behind the plea that the city had the power to delegate that right to it.

The very cases cited by appellant and relied upon as authority for cutting the trees disclose the fact that the acts complained of in those cases were expressly authorized and granted by ordinances duly enacted by the cities named therein, which is not true in this case, and for that reason they are not applicable here.

III. According to the laws of this State, the property owners in cities, towns and villages own the land to the center of the adjoining street, subject to the easement of the city. It has the right to subject the street to any and all of the uses or purposes for which the street was acquired; but until it does so subject it to one or more of those uses, or so long as he and the city can jointly occupy and use the street without doing "violence to the full, free and complete exercise of the public easement," he is to that extent just as much the owner of the property to the center of the street as he is of the remainder of the lot, and has the same right to use it in any manner for any purpose he may see proper, not inconsistent with the rights of the public. [St. Louis v. St. Louis Theatre Co., 202 Mo. 690.]

Among the many rights the lot-owner has in the street, if not expressly prohibited by the city, is to plant and grow shade and ornamental trees along the

edge of the sidewalk in front of his property. This is a very valuable right. As a rule shade and ornamental trees are very desirable in front of residence property. They contribute no little to comfort and enjoyment of the home. Not only that, shade trees of a great city are highly conducive to the public health, comfort, enjoyment and well-being of her citizens. On that account most of the cities of the State encourage the property-owners to plant and grow such trees in front of their property, and pass laws protecting the trees from injury, and prescribe penalties for those who do injury to them.

No one has the right or power to deprive the property-owner of those trees, or his right to maintain them in the street except the city itself, or such as it may lawfully authorize. Even that power of the city is not absolute. It must exercise it with prudence and within reason, and not wantonly and wilfully. [St. Louis v. St. Louis Theatre Co., 202 Mo. 690.]

It would be no less startling than it would be novel to hold that the public service corporations have the power, right and authority to mutilate, damage or destroy the shade and ornamental trees growing upon the streets of our cities, at pleasure, without some authority, general or special, granted to them by the city in harmony with and recognizing the rights and interest of the property-owners in and to the trees, whatever those rights may be.

The petition stated a good cause of action, and we find no error in the record proper.

IV. The questions as to how the city, or the company acting under authority from the city, can remove such trees when they interfere with the public, and how the owner's damages are to be ascertained and paid when taken, are not before this court at this time, and we will not express an opinion thereon. "Sufficient unto the day is the evil thereof."

For the reasons before stated, the judgment is affirmed.

All concur.