State v. Graeme.

---

## STATE OF MISSOURI, Respondent, v. GRAEME, Appellant.

**St. Louis Court of Appeals, March 17, 1908.**

1. **TELEPHONE COMPANIES: Rights of Property-Owners: Destruction of Trees.** The right of a telephone company to occupy a street with its poles and wires is subordinate to the right of an adjacent property-owner to maintain trees growing within the curb line of the street, and if a telephone company in maintaining its line is obliged to remove or damage such trees, it is bound to respond in damages to the owner.

2. ————: ————: ————: **Compensation to Owner.** Under sections 1264 and 1271, Revised Statutes 1899, a telephone·company, before cutting trees growing inside the curb line to prevent their interference with its poles and wires, should proceed to have the damages assessed or agree with the owner as to the damage.

3. ————: ————: ———— : **Malice.** In the prosecution of an employee of a telephone company under section 1959, Revised Statutes 1899, for maliciously destroying certain trees growing along the sidewalk, to prevent their interference with the company's wire and poles, in order to authorize a conviction, it was necessary for the jury to find that the act was wantonly or maliciously done and an instruction authorizing a conviction without finding the element of malice was error.

State v. Graeme.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

REVERSED AND REMANDED.

*G. M. Sebree* and *George Pepperdine* for appellant.

(1) The erection of the telephone poles and their maintenance by the telephone company is lawful. R. S. 1899, sec. 1251. If the cutting of the trees was necessary to the maintaining of proper service by the company then the cutting was lawful, even though the tree was injured thereby, such injury being unavoidable. Gay v. Telephone Co., 12 Mo. App. 485. (2) The use of streets and roads for the purpose of setting telephone poles and placing wires thereon is a lawful and proper use, and any inconvenience suffered therefrom by such legitimate use is not actionable. Building Association v. Telephone Company, 88 Mo. 258; Schoop v. St. Louis, 117 Mo. 131. (3) The telephone company's using the street or road for wires and poles is legal in Missouri. The company is not a trespasser, and the only requirement is that it pay for private property taken or respond in damages for injury thereto by reason of it exercising its right. McAntire v. Joplin Telephone Co., 75 Mo. App. 535; Hannibal v. Telephone Co., 31 Mo. App. 23; St. Louis v. Telephone Co., 96 Mo. 623; Building Ass'n v. Telephone Co., 88 Mo. 258.

*Alfred Page* for respondent.

BLAND, P. J.—The Missouri & Kansas Telephone Company is a corporation. Ten or eleven years ago it erected a telephone line from Springfield to Joplin, Missouri, taking in other towns. Its line runs through the town of Republic in Greene county. The poles are twenty-five feet high and are planted within the curb line along a street in said town of Republic. A. A. Watson owns a lot abutting on this street. About ten

years since he planted nine trees within the curb line in front of his lot. They were shade trees and grew up into the telephone wires, putting the line out of business by the limbs coming in contact with the wires and grounding the electric current. On or about July 6, 1905, defendant, an employee of the Telephone Company, was sent by his employer along the line to clear it of obstructions, and discovering that Watson's trees were interfering with the wires, he took a hatchet and cut or lopped off all the limbs from the trees which he found interfering with the wires. An information was at once filed against him before a justice of the peace, charging him with the violation of section 1959, Revised Statutes 1899, which makes it a misdemeanor for any one to "wilfully and maliciously, or wantonly and without right, enter the premises of another, and cut, take away, destroy, etc., any fruit tree, ornamental or shade tree," etc. Defendant was tried and convicted before the justice. He appealed to the criminal court of Greene county and on a trial *de novo* to the court sitting as a jury was again convicted. After taking the proper steps to save his exceptions, defendant appealed to this court.

The State's evidence tends to show that defendant acted carelessly and recklessly in cutting the branches from the trees and did them unnecessary injury in clearing the wires of the limbs. Defendant's evidence tends to show that the cutting was carefully done and no unavoidable damage was done to the trees.

Defendant asked the following declaration of law which the court refused:

"The court declares the law to be that a telephone company has a right to construct and maintain its telephone lines along and across the public highways, streets and roads of this State, and to keep the same clear of trees, bushes and other obstructions that would interfere with said company giving service over said lines, and if it appears from the evidence that the Missouri

& Kansas Telephone Company has a telephone toll line extending from Springfield through the town of Republic, in Greene county, Missouri, and that defendant was an employee of said company, and was instructed by the officers of said company to trim the trees along said telephone line, and that in the performance of said duty he did cut and trim a certain ornamental tree standing upon the street and sidewalk in front of the property of one A. A. Watson, as charged in the information in this case, and if it further appears from the evidence that such cutting and trimming of said tree was necessary in order to prevent the branches of said tree from coming in contact with said telephone wires and interfering with the telephone service, then there has been no criminal offense committed and defendant should be acquitted."

The court declared the law of the case as follows:

"The court declares the law to be that if the evidence in this case shows beyond a reasonable doubt that the defendant, R. B. Graeme, on the sixth day of July, 1905, or at any time within one year next before the date of the filing of the information in this case, at the county of Greene, in the State of Missouri, did then and there unlawfully and purposely injure a certain shade tree standing in a public street in Republic, in front of the property of A. A. Watson, by then and there cutting off the limbs of the said tree, then he should be found guilty as charged.

"The statute of this State gives to telephone companies, incorporated under the laws of Missouri, certain rights that individuals do not have, and if the evidence in this case shows that the defendant, R. B. Graeme, at the time of the alleged injury to the shade tree was acting under instructions of the Missouri & Kansas Telephone Company, and was in the employ of the said company, and that the said company is incorporated under the laws of the State of Missouri, then·

State v. Graeme.

he had the right to do anything that was reasonable and necessary to clear the wires of the telephone line from the limbs of the trees, short of injuring or destroying public or private property, and unless the defendant in clearing the wires in this case injured and mutilated the tree unnecessarily, and if the evidence shows that he did only what was reasonable and necessary in clearing the wires of the telephone company, then he is not guilty. But in this connection the court further declares the law to be that the statutes granting certain rights to incorporated telephone companies, is to be strictly construed as against the telephone company, and it devolves upon the company to show that the act or acts done come strictly within the provisions of the said statutes.

"The court declares the law to be that a telephone company has a right to construct and maintain its telephone lines along and across the public highways, streets and roads of this State, and to keep the same clear of trees, bushes and other obstructions in such a way as not to injure public or private property, and if it appears from the evidence that the defendant was an employee of the Missouri & Kansas Telephone Company, and that said company has a telephone line extending from Springfield through the town of Republic, in Greene county, and that said defendant was instructed by said company to trim the trees along said telephone line, and that in the performance of said duty he did cut and trim a certain ornamental shade tree, standing upon the street and sidewalk in front of the property of one A. A. Watson, as charged in the information in this case, and if it further appears from the evidence that such cutting and trimming of said tree was necessary in order to clear said line and prevent the branches of said tree from coming in contact with said telephone wires, and was no injury or damage to said tree, then there has been no offense committed and defendant should be acquitted."

Section 1251, Revised Statutes 1899, grants the right to telephone companies to erect their poles on public roads in such manner as not to incommode the public in the use of the road, and also on the streets of any town or city on obtaining the consent of the municipal authorities thereof. Whether or not the town of Republic is incorporated does not appear in the record or, if incorporated, whether or not the company got permission from the municipal authorities to erect its poles and wires in the street. The case was tried, however, upon the theory that the company rightfully erected its poles in the street and we will dispose of the case upon that theory. The telephone company occupied the street as a mere licensee. Watson, the owner of the abutting lot, owned the fee to the center of the street, subject to the easement of the town of Republic, and had a right to plant the trees inside the curb line and thus occupy the street jointly with the town, subject, of course, to the right of the town to remove the trees should they incommode the public in the use of the street. The right of the telephone company to occupy the street with its poles and wires was therefore subordinate to the right of Watson, the property owner to have the trees in the street, that is, if to construct or maintain its line the telephone company should be obliged to remove or damage the trees, it would be bound to respond to Watson in damages. [Ehrlich v. Insurance Co., 88 Mo. 250; Cartwright v. Telephone Co., 205 Mo. 126, 103 S. W. 982; McAntire v. Telephone Co., 75 Mo. App. 535.]

Section 1264, Revised Statutes 1899, provides for the condemnation of lands and other property sought to be appropriated by any railroad, telephone, telegraph or other corporation, where the owner and the corporation cannot agree, and to have an assessment of damages which the owner may sustain in consequence of the establishment, erection and maintenance of such rail-

road, etc. Section 1271, Revised Statutes 1899, provides that in case property "is to be, will be, or has been, by any corporation damaged for public use, any person interested may have such damages ascertained" by proceeding as is provided in section 1264, supra. Even if it should be conceded (which we do not) that the town of Republic could have granted the telephone company. the right to deprive Watson of his shade trees growing along the edge of the sidewalk in front of his lot or the right to damage them by trimming them for the purpose of clearing its line of obstructions caused by the trees, there is no pretence that any such right was granted, hence the corporation was without authority to mutilate or damage the trees for the accommodation of its line. It should have proceeded under section 1264, supra, to have the damages assessed before cutting the trees, or should have agreed with the owner as to the damages. [Cartwright v. Telephone Co., supra.] The telephone company made no effort to agree with the owner, or to have the damages assessed but, without notice to the owner and against his will, sent defendant along the line with directions to remove the obstructions; in these circumstances defendant was a trespasser, and the cutting of the trees was without right and was wilfully done. Was it maliciously done? We think the word "malicious" as used in the statute on which the information is based means "an unlawful act, wilfully or purposely done to injure another." [Greenleaf on Evidence, sec. 453.] The declarations of law given by the court omitted the essential element of malice, or wantonness, to authorize a conviction of defendant and for this reason were erroneous. The instruction asked by defendant is erroneous for the reason it assumes that the telephone company had a right, without compensation, to mutilate and cut Watson's trees, if they interfered with its line. If, without malice, defendant cut the trees and his act was not wantonly done, then he

was guilty of no offense; on the other hand, if he was actuated by a desire or intent to injure the ower of the trees, or if he acted wantonly in cutting them, he was guilty of the offense charged. For errors in the instructions, the judgment is reversed and the cause remanded. All concur.