Ramon W. HARRIS and Jane L. Harris, his wife, Plaintiffs-Appellants,

v.

L. P. AND H. CONSTRUCTION COMPANY, and Missouri State Telephone Company, Defendants-Respondents.

No. 33244.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Motion for Rehearing or to Transfer to the Supreme Court Denied May 28, 1969.

SMITH, Commissioner.

Action originally brought by plaintiffs-appellants, as landowners, for statutory trespass under Section 537.340 [1] and ejectment. Defendants-respondents are a telephone company, and a construction company which erected telephone lines across plaintiffs' land for the telephone company. The case was tried before a jury on the asserted "affirmative defense" of defendant Missouri State Telephone Company (hereinafter Telephone Company) requesting condemnation of an easement over plaintiffs' land. The jury awarded plaintiffs $800.00 as compensation for the taking and they appeal. Defendant L. P. and H. Construction Company (hereinafter L. P. & H.) was dismissed from the suit and this action of the trial court is also before us. We reverse and remand.

The issue is the propriety of the lower court's action in refusing to permit plaintiffs to try their two count lawsuit and permitting a trial solely on the Telephone Company "defense" that the land be condemned.

In view of our disposition of the case no extended review of the evidence at trial is required but some discussion of the pleadings is.

Plaintiffs' petition, filed March 14, 1967, was in two counts. Count I sets out plaintiffs' ownership of certain land and that in the summer of 1966 the defendants trespassed on the land and cut down, injured, ruined and destroyed trees on the land. The trees were stated to be growing for use, shade and ornament and were intended as landscaping and natural beautification for the land as a homesite. Damage for the cutting of the trees was alleged as $1950.-00. Defendants were stated to have no interest or right in the land. The prayer of Count I sought $5850.00, being the actual damages trebled as provided in Section 537.340.

Count II alleged the plaintiffs' right of sole possession of the land in the summer

Robert L. Carr, Potosi, for plaintiffs-appellants.

Thurman, Nixon, Smith & Howald, Louis Jerry Weber, Hillsboro, for defendants-respondents.

1. All statutory references are to R.S.Mo., 1959 (V.A.M.S.)

of 1966, and that at that time defendants entered and unlawfully took possession of a part of the premises and installed poles, guy wires, braces, cross arms, cables, wires, equipment and apparatus. This unlawful possession is alleged to have continued to the date of filing the petition to the damage of plaintiffs in the amount of $5000.00. The prayer sought recovery of possession (ejectment) and damages of $5000.00.

On April 10, 1967, Telephone Company filed its answer in the form of a general denial of all allegations. In October 1967, Telephone Company filed an amended answer admitting ownership of the land in plaintiffs and denying all other allegations. The amended answer further raised the defense of estoppel for failure to object and stated that the installation and erection of the equipment and apparatus was permanent and serves the general public as a portion of a telephone system. It also alleged as an "affirmative defense" the power of eminent domain in itself and sought to have the issues tried as a condemnation case, and prayed that title to a perpetual easement be vested in it upon compliance by it with any orders of the court.

On the same day L. P. & H. filed an answer in the form of a general denial and set up the affirmative defense of estoppel.

Motions to strike both answers were filed by plaintiffs. The motion directed to the Telephone Company answer challenged the attempt by answer to commence a condemnation action. In December 1967, the court overruled the motions to strike and directed " * * * 'that the said cause shall be tried on the issues presented by the pleadings raised by the Defendants answers.' "

On February 14, 1968, both defendants filed amended answers. L. P. & H. repeated essentially the allegations of its original answer and in addition pleaded it was the agent of Telephone Company in all conduct alleged in plaintiffs' petition. Thereafter, L. P. & H. filed a motion to dismiss alleging no cause of action; that it was not a

proper party to a condemnation action; that it had no proprietory interest in the land; and that it was only acting as agent for Telephone Company. This motion was granted by the Court.

The second amended answer of the Telephone Company pleaded with more detail the defenses of the first amended answer but did not add any additional defenses or change the theory of defense.

Thereafter, the court appointed commissioners who filed their report assessing plaintiffs' damages at $3400.00 to which exceptions were filed by both parties. The record fails to demonstrate any payment to plaintiffs or to the court for the benefit of plaintiffs of the damages awarded by the commissioners as required under Article 1, Sec. 26 Mo.Const., V.A.M.S. or Sec. 523.-040. Trial was conducted as if the matter were a condemnation proceeding and the jury assessed plaintiffs' damages at $800.00. Plaintiffs' motion for new trial was denied and timely appeal taken.

The parties are in agreement that the question before us is whether the procedure followed by the trial court in trying this cause as a condemnation case is proper. We hold it was not. The effect of the procedure followed below was (1) to dismiss plaintiffs' petition, (2) to permit the Telephone Company to condemn an easement over plaintiffs' land, retroactive to the date defendants first trespassed thereon. These determinations are based upon a misapplication of the doctrine of "inverse condemnation."

█ To support the trial court's action in preventing plaintiffs from trying their pleaded causes of action both defendants invoke the recognized doctrine that where an improvement by a public utility, built as a result of a trespass, is permanent and is for the benefit of the public, successive trespass actions do not lie, but the landowner must recover in one action all damages, past, present and future. Doyle v. Kansas City & S. R. Co., 113 Mo. 280, 20 S.W. 970 [3]; Tooker v. Missouri Power

& Light Co., 336 Mo. 592, 80 S.W.2d 691 [8], 101 A.L.R. 365; Beetschen v. Shell Pipe Line Corp., Mo.App., 248 S.W.2d 66 [5] (hereinafter First Beetschen); Beetschen v. Shell Pipe Line Corp., 363 Mo. 751, 253 S.W.2d 785 [4, 5] (hereinafter Second Beetschen).

■ It is the application of this doctrine which determines not only the propriety of the court's action on Count I but also on Count II and on the Telephone Company "affirmative defense" of condemnation. The rationale of the doctrine is not difficult to understand. A landowner is entitled to bring successive damage actions for a continuing trespass for each successive period involved. Each day constitutes a separate cause of action, and supports a separate award of damages. First Beetschen, supra [5], Doyle v. Kansas City & S. R. Co., supra [3]. The trespasser, having no right to remain on the land, is required to cease his trespass and until he does so is liable for damages on a continuing basis. If the trespasser is, however, a public utility an additional factor enters the picture, the welfare of the public. In that case if the trespassing structure is permanent, and if it is needed to serve the public or some portion thereof, then the landowner loses the right to force the removal of the structure and is entitled and required to recover his damages, past, present and future for the appropriation, in one action (but not necessarily in one count). Upon payment of those damages, the public utility acquires an easement for the continued maintenance of the structure. Doyle v. Kansas City & S. R. Co., supra [3].

■ This doctrine has been called "inverse condemnation" or "condemnation in reverse" because the ultimate legal status of the land is, as to both landowner and public utility, the same as if the land had been properly condemned. But although the end result may be the same, the theory is not. Condemnation is a statutory proceeding by which land needed for a public use is acquired. Inverse condemnation is a remedy designed not to protect the trespassing utility, but to save the public from the loss of needed services because of the improper conduct of the utility. Inverse condemnation is not an alternative to proper condemnation, but a method of protecting the public and still assure that landowners receive just compensation for that which was taken.

■ With these ideas in mind we turn to the case here. Plaintiffs seek relief on two separate causes of action; one in statutory trespass, the other for possession and damages resulting from the improper trespassing on their land by the defendants in erecting equipment and apparatus. This is a proper procedure. See Tooker v. Missouri Power and Light Co., supra.

As stated in First Beetschen, 248 S.W. 2d 66, l. c. 70:

"* * * A corporation which ignores the statute and the Constitution and makes an entry upon the land of a private citizen without agreement with the owner or without having the damages appraised by commissioners is guilty of a wilful trespass * * *.

"In such case the aggrieved property owner has an election of remedies. He may proceed by way of injunction to restrain the installation, * * * or he may sue in ejectment, * * * or he may avail himself of R.S.Mo.1949 § 523.-090; or he may maintain a common law action for damages * * *."

In addition to these choices we hold the landowner may also proceed under Sec. 537.340 for that portion of his damage caused by the unlawful cutting of trees, and this remedy may be combined with the remdies set forth in the quote above. See Tooker v. Missouri Power and Light Co., supra.

Section 537.340 provides, "If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, * * * on the land of any other person, * * * the person so

offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs." In determining whether plaintiffs' petition states a cause of action we must accept as true the facts well pleaded. Plaintiffs have alleged their ownership of the land in question, the entry by defendants on the land, the destruction of the trees, the damage thereby caused, and the absence of any interest or right in said land or trees in defendants.

■ The motion of L. P. & H. to dismiss as to it (which was granted by the court) was based upon its lack of proprietory interest in the land, that it was not subject to condemnation damages in a condemnation proceeding, and that it acted at all times as as an agent and employee of the Telephone Company. Even if we treat the fact statements in the motion as true, (which we could not do on a motion to dismiss) they form no basis for dismissal of Count I as to L. P. & H. That defendants lack a proprietory interest in the land is exactly what plaintiffs are basing their action for trespass on. Count I is not a condemnation action; it does not seek condemnation damages. It seeks statutory damages for the improper conduct of L. P. & H. in cutting trees on the land of plaintiffs. In trespass, principals and agents are joint trespassers and are equally liable for the damages resulting from the trespass. Curlee v. Donaldson, Mo.App., 233 S.W.2d 746 [5]. The alleged agency of L. P. & H. furnishes no defense to plaintiffs' petition.

■ The position of the Telephone Company is no better. Whatever rights that defendant had to proceed by condemnation to acquire the required easement and to obtain the right to cut trees, it did not proceed in that way. Procedures for the condemnation of land are controlled by statute and must be strictly followed: Chicago, M. & St. P. R. Co. v. Randolph Town-Site Co., 103 Mo. 451, 15 S.W. 437; Greene v. St. Louis County, Mo., 327 S.W.2d 291.

The Telephone Company is a private corporation and has no immunity for its trespasses. Cartwright v. Liberty Tel. Co., 205 Mo. 126, 103 S.W. 982, 12 L.R.A.,N.S., 1125; State v. Graeme, 130 Mo.App. 138, 108 S.W. 1131. The power of eminent domain does not carry with it the right to enter upon the land of another, commit a trespass covered by the statute here involved, and in defense to such action claim the power to condemn. Section 537.340 applies just as fully to this defendant as to any other person in this state.

■ Plaintiffs' right to recover statutory trespass damages for the cutting of the trees on their land arises from the improper conduct of the defendants. It is in no way dependent upon whether thereafter defendants continued their trespass and erected the equipment charged in Count II. The cause of action for damages under this penal statute is not the same as a cause of action for common law trespass. Hunter Land & Development Co. v. Caruthersville Stave & Heading Co., 223 Mo.App. 132, 9 S.W.2d 531. The tortious conduct of defendants was complete and the cause of action under Sec. 537.340 accrued when the cutting was done. Plaintiffs were at that time entitled to the damages provided in Sec. 537.340 and the subsequent conduct of defendants does not alter that. Plaintiffs have pleaded a cause of action against both defendants for the damages provided by statute.

■ Count II also states a cause of action against both defendants for ejectment and damages. It has been framed in such a way that it seeks ejectment and damages only for the installation and erection of the telephone equipment (not for the cutting of the trees). Obviously, plaintiffs cannot recover their damages for the cutting of the trees in both Counts, but the petition does not seek to do this. Plaintiffs' petition alleges their ownership of the real estate in question; their right to sole and exclusive possession; the entry by defendants on the real estate; their unlawful withholding of

possession from plaintiffs continuing to the filing of the petition; and the damage caused thereby to plaintiffs. This states a cause of action in ejectment. See Sec. 524.-060.

■■■ Defendants have by their answers raised affirmative defenses of estoppel and of a permanent structure for public use. Either defense, if established by the evidence would serve to defeat plaintiffs' recovery under Count II. Ejectment is an action for possession and damages can be recovered in such cause of action only if plaintiff is entitled to possession. Sec. 524.-080, Sec. 524.110. Such cause of action is defeated, regardless of the ownership of the real estate, if plaintiffs do not have at the time the action is commenced, a right to possession. Estoppel may defeat such right of possession. Webster v. Kansas City & S. R. Co., 116 Mo. 114, 22 S.W. 474; Second Street Imp. Co. v. Kansas City Southern R. Co., 255 Mo. 519, 164 S.W. 515. And in the case of a public utility, where the interests of the public are involved, *proof* of a permanent structure [2] for a public purpose [3] would defeat plaintiffs' possessory action. Luttrell v. State Highway Commission, Mo.App., 379 S.W.2d 137.

■■ But the trial court decided that the mere allegation of these matters by defendants was sufficient to warrant refusing to allow plaintiffs to try their causes of action. In this, the court erred. Additionally the affirmative defenses are asserted only to the erection of the equipment of the Telephone Company, i. e., Count II, not to

Count I, and even if established would not constitute a defense to Count. I.[4]

We are also called upon to decide the propriety of the Telephone Company bringing a condemnation action by affirmative defense. Clearly the labeling is wrong. Such action seeks affirmative relief and is a counterclaim. Under Civil Rule 55.10 (V.A.M.R.) we will treat the allegations of Telephone Company's second amended answer seeking the relief of condemnation as a counterclaim. In First Beetschen, supra, this Count stated: "If a trespassing corporation which has the power of eminent domain finds successive trespass actions burdensome it may bring an end to such litigation by acquiring the right properly through the institution of condemnation proceedings." (l. c. 71 of 248 S.W.2d).

■■ The Civil Rules apply to special actions of which condemnation is one. Civil Rule 41.02 and 86.01 (V.A.M.R.). Civil Rule 55.45 (V.A.M.R.) authorizes counterclaims. No provision of the Constitution, statutes or Civil Rules prohibits the commencement of condemnation proceedings by counterclaim. The provision of Civil Rule 86.03 (V.A.M.R.) that the public utility shall be the plaintiff and the landowner may be the defendant, is not violated, as the counterclaimant is, as to the counterclaim, the plaintiff. See Horton v. Gentry, 357 Mo. 694, 210 S.W.2d 72 [5, 6]. An analogous situation was involved in State ex rel. R-1 School District of Putnam County v. Ewing, Mo.App., 404 S.W.2d 433, wherein the Court approved the filing of a

2. For what constitutes a permanent structure see Second Beetschen, supra, [4, 5] and cases cited therein.

3. We distinguish between public purpose or use and public necessity. We point this out because plaintiffs here have raised the question that the evidence at the trial failed to establish "public necessity" in the taking, i. e., that some other land could not have been used to furnish the service. "Public necessity" is not a requirement for condemnation, (see Phillips Pipe Line Co. v. Brandstet-

ter, 241 Mo.App. 1138, 263 S.W.2d 880) nor can it be imposed on the public purpose or use test where the evidence establishes the equipment installed, in fact, services the public, and is for a public purpose for which the right-of-way could have been condemned. Luttrell v. State Highway Commission, supra, [2]; First Beetschen, supra, [5].

4. The easement sought in Telephone Company's "affirmative defense" does not include the right to cut or trim trees.

counterclaim in a mandamus proceeding, also a special action.

No reason appears why defendant Telephone Company may not by counterclaim seek the condemnation of the easement here desired. But such condemnation cannot be made retroactive, as Telephone Company seeks to do by the affirmative relief sought. In Chicago, M. & St. P. R. Co. v. Randolph Town-Site Co., supra, the Supreme Court quoting from a Massachusetts case stated the rule as follows:

" * * * 'The universal rule laid down by the books is that, where property is taken for public uses by the exercise of the right of eminent domain, the compensation must be fixed at the date of taking the property; that is, the time the public make the appropriation. That this means the time of taking and appropriating the property *by appropriate legal proceedings, and not the time of some previous wrongful and tortious entry,* necessarily follows from the constitutional provision which requires compensation first made. Until that time the property still belongs to the original owner. The fact that a railroad company has, in advance of proper condemnation proceedings, committed a trespass, and wrongfully taken possession of land, gives it no right to insist that such proceedings, subsequently instituted, shall relate back to the date of the trespass.' * * *" (15 S.W. l. c. 440) (Emphasis supplied.)

Under the Missouri law the date of lawful appropriation is the date upon which the utility pays the amount of damages assessed by the commissioners. Art. 1, Sec. 26, Mo.Const., Sec. 523.040, St. Louis Housing Authority v. Barnes, Mo., 375 S.W.2d 144 [4]. And it is the obligation of the commissioners to assess the damages which the owners *may* sustain by reason of the appropriation. No authority exists under the condemnation statutes for the assessment of past damage resulting from defendants' trespass. In short, the proceeding by way of condemnation cannot relieve defendants from liability for the damages resulting to the plaintiffs from the prior trespassing. The trial here proceeded on the basis that the jury therein was assessing in a condemnation action all damages sustained by plaintiffs as a result of all the conduct of the Telephone Company or its agents. This was beyond the scope of a condemnation proceeding and requires reversal of the judgment.

In view of what has been said here, and the evidence previously adduced at the condemnation proceedings, plaintiffs may desire to proceed for damages in lieu of ejectment and damages now sought in Count II. If so, leave to amend should be given by the trial court.

The judgment is reversed and the cause remanded with instructions to set aside the dismissal of plaintiffs' petition and to proceed to adjudicate same, and defendant Missouri State Telephone Company's affirmative claim, in conformity with this opinion.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, judgment is reversed and cause remanded with instructions to set aside the dismissal of plaintiffs' petition and to proceed to adjudicate same, and defendant Missouri State Telephone Company's affirmative claim, in conformity with this opinion.

WOLFE, P. J., and DOUGLAS W. GREENE, Special Judge, concur.