**Jerry Michael VAUGHN and Patricia Louise Vaughn, Appellants,**

v.

**MISSOURI PUBLIC SERVICE COMPANY, a Missouri Corporation, Respondent.**

**No. WD 30925.**

Missouri Court of Appeals, Western District.

May 4, 1981.

William M. Austin, Welch & Austin, Kansas City, for appellants.

William H. Sanders, Sr., James Borthwich, Blackwell, Sanders, Matheny, Weary & Lombardi, Judith P. Rea, Kansas City, for respondent.

Before PRITCHARD, P. J., SWOFFORD, Senior Judge, and MURPHY, Special Judge.

PER CURIAM.

The Vaughns brought this action against Missouri Public Service Company on the

---

**2.** The average month has 30.4 days and thus 4.34 weeks. Fifty dollars a week is thus about $217 a month.

theory of a continuing trespass. At the close of the Vaughn's evidence the court sustained the Company's motion for a directed verdict. On this appeal the Vaughns contend they made a case on continuing trespass. Affirmed.

There is no dispute as to the facts. In 1956 the Company placed anchors and guy wires to support poles carrying the Company's electric transmission lines on land the Vaughns owned at the time of trial without any right or authority. There is no dispute that the Vaughns acquired title to their building lot in November, 1974. Nor is there any dispute that the anchors and guy wires support a permanent transmission line belonging to the Company which serves the public.

The Vaughns testified that prior to purchasing the lot in question they inspected it and observed the location of the anchors and guy wires. They proceeded with the purchase, apparently on the oral representation by someone not connected with the Company, that the anchors and guy wires would be removed. The Vaughns later constructed a house, and, in their testimony complained that the location of the anchors and guy wires interfered with the full use of their lot.

On this appeal the Vaughns contend they made a case of continuing trespass. The Vaughns rely on *Cacioppo v. Southwestern Bell Tel. Co.*, 550 S.W.2d 919 (Mo.App.1977). That case did involve a continuing trespass because of the almost daily intrusions on the plaintiff's property by the Telephone Company's employees for the purpose of making repairs to a junction box. However, this case involves a different principle because it involves a permanent installation of a public utility line. The rule applicable to this case was stated in *Harris v. L. P. and H. Construction Co.*, 441 S.W.2d 377, 381[2] (Mo.App.1969). In that case the court stated the rule concerning continuing trespass but pointed out the distinction between that cause of action and a case involving a permanent public utility structure in the following language:

If the trespasser is, however, a public utility an additional factor enters the picture, the welfare of the public. In that case if the trespassing structure is permanent, and if it is needed to serve the public or some portion thereof, then the landowner loses the right to force the removal of the structure and is entitled and required to recover his damages, past, present and future for the appropriation, in one action (but not necessarily in one count).

The court in *Harris* relied upon *Doyle v. Kansas City & S. Ry. Co.*, 113 Mo. 280, 20 S.W. 970 (1892) in which the rule cited in *Harris* was articulated. The facts here bring this case squarely within that rule.

In *Langenberg v. City of St. Louis*, 355 Mo. 634, 197 S.W.2d 621, 625[4–6] (1946) the court held that all damages, past, present and prospective, occasioned by the wrongful appropriation accrue to the then owner of the land. Therefore, the damages must be recovered by the then owner and a cause of action for such damages does not pass to the grantee on a conveyance of the ownership of such land.

Under the above rules, the location of the anchors and guy wires does not constitute a continuing trespass. Rather, the Company wrongfully appropriated land occupied by such structures and a cause of action for all damages, past, present and prospective, occasioned by that appropriation accrued at that time to the then owner of the land. This cause of action did not pass to the Vaughns with the conveyance of title to their lot. Under the undisputed facts the Vaughns did not prove facts entitling them to relief.

The judgment is affirmed.