STATE of Missouri ex rel. The METROPOLITAN ST. LOUIS SEWER DISTRICT, Plaintiff,

v.

The Honorable Roberg G.J. HOESTER, Circuit Judge, Division No. 8, Circuit Court of St. Louis County, Missouri, Defendant.

No. 46441.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 1983.

Application to Transfer Denied Jan. 17, 1984.

Thompson & Mitchell, Donald J. Stohr, James W. Erwin, St. Louis, for plaintiff.

Raymond A. Bruntrager, St. Louis, for defendant.

SIMON, Presiding Judge.

State of Missouri ex rel. the Metropolitan St. Louis Sewer District (MSD) seeks an order to make a preliminary writ of prohibition absolute. The writ concerns an action brought by property owners, James E. and Anne V. Darst (Darst) seeking compensation for the appropriation of their real property in St. Louis County.

The facts stated shall sufficiently set the background for our review. In April, 1979, a torrential downpour occurred which flooded a tributary, Two Mile Creek. The Darst house was flooded by the overflow of Two Mile Creek and sustained damage. Darst filed a petition in May, 1980, alleging that improvements made by MSD in Two Mile Creek caused the overflow and constituted "a wrongful appropriation of plaintiffs' [Darst] land, in violation of Article I, Section 26 of the Revised Constitution of the State of Missouri which provides that private property shall not be taken or damaged for public use without just compensation." Darst sought damages totaling $125,000. Both parties filed motions for summary judgment which the trial court overruled. When denying the motions the court also provided "Court will appoint commissioners pursuant to Chapter 88 RSMo 1978 within ten (10) days unless application is made to appellate court for writ of prohibition or mandamus." MSD seeks to prohibit the circuit court from appointing the commissioners.

MSD contends the trial court erred in ordering the appointment of commissioners to assess damages in that: (1) the action by Darst was for inverse condemnation, a civil action, which does not require the statutory condemnation procedures, but instead requires a trial like any other civil action; and (2) assuming the statutory condemnation procedures do apply, a necessary condition precedent to the appointment of commissioners, namely, an order of condemnation, had not been made in that a material issue of fact existed as to whether a taking of the property had occurred.

MSD's first point is meritorious and dispositive of the writ. Accordingly, the second point need not be addressed. Inverse condemnation and formal condemnation are mutually exclusive; the former is not an alternative to the latter. *Harris v. L.P. and H. Construction Co.,* 441 S.W.2d 377, 381[3] (Mo.App.1969). Here, Darst alleges that MSD, by widening, enforcing and expanding Two Mile Creek, increased the volume of water flow in the creek which in turn caused the flooding of the Darst property resulting in its damage. In such a case, the property owner may seek injunctive relief, sue in ejectment, proceed under § 523.090 RSMo 1949 (now § 523.090 RSMo 1978) or bring a common law action for damages. *Harris,* at 381[4]; *See also, Beetschen v. Shell Pipe Line Corp.,* 248 S.W.2d 66, 70 (Mo.App.1952). It is error for a trial court to permit statutory condemnation proceedings in an action brought by a landowner claiming an inverse condemnation. *Harris,* at 381[4], 384[17, 18]. Instead, the cause should be tried in a manner applicable to a civil case and in the event damages are awarded to Darst, MSD would acquire the property, or a portion thereof, upon the payment of those damages. *Harris,* at 381[2]. Darsts' reliance on *State ex rel. State Highway Commission v. Swink,* 537 S.W.2d 556 (Mo. banc 1976) is misplaced. That case dealt primarily with the issue of proper venue in a suit for damages resulting from the construction of a road for public use and is of no assistance here. *Swink,* at 557.

Writ made absolute.

SATZ and KELLY, JJ., concur.