J. Kirk **RAHM** and Elinor Rahm, Appellants,

v.

MISSOURI PUBLIC SERVICE COMPANY, Respondent.

No. WD 35350.

Missouri Court of Appeals, Western District.

Sept. 11, 1984.

G. Spencer Miller, Miller & Dougherty, Kansas City, for appellants.

William H. Sanders, Sr., Pamela T. Henderson, Blackwell, Sanders, Matheny, Weary & Lombardi, K. Preston Dean, Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

In the fall of 1979, an electrical utility supplier, Missouri Public Service (MoPub), relocated electrical lines so as to cross Lot 3 in Lake View Estates, Warrensburg, Missouri. At that time the then owners of the property gave consent to the relocation; the lines clearly visible have not been moved since installation. In April 1980 the plaintiffs purchased Lot 3. Nothing more was said or done until January 1982 when the plaintiffs notified MoPub they were granting it consent to leave the lines in place. MoPub rejected this offer as being unnecessary to maintain the electrical lines since the utility had obtained the consent it needed from the original owners. No formal easement was ever obtained by MoPub. It claims an easement by estoppel.

The plaintiffs' suit against MoPub alleging $10,000.00 in actual damages for trespass was dismissed by the trial court for failure to state a cause of action. The parties agree the effect of the dismissal was with prejudice. The plaintiffs then filed a motion to set aside the dismissal and for leave to file an amended petition. Included was an affidavit dated in July 1983 from the original owners stating they had consented to the moving of the lines in 1979 but they had assigned the right to withdraw consent to the plaintiffs and all causes of action to sue MoPub for damages by the previous owners was sold to the plaintiffs for $10.00. It is from a denial of this motion the plaintiffs appeal. Even liberally construing the pleading in a light most favorable to the plaintiffs, there is no principle of substantive law which would entitle the plaintiffs to relief. The proposed first amended petition claimed the plaintiffs, via the affidavit, had a right to damages for the trespass since MoPub had taken the property without compensation. Therefore this court affirms the trial court's action.

The plaintiffs contend that Rule 67.-07 RSMo. makes it mandatory for trial

courts to grant leave to amend pleadings. While it is customary for courts to allow first amended petitions, there is no absolute right to do so. *Koller v. Ranger Insurance Company,* 569 S.W.2d 372 (Mo. App.1978); *Smith v. St. Louis County Softball Assoc.,* 623 S.W.2d 38, 40 (Mo.App. 1981).

The standard of review requires that if any combination of facts alleged in the petition would, upon proof, entitle the plaintiffs to relief, then the trial court's order must be reversed. *Shapiro v. Columbia Union Nat. Bank & Trust Co.,* 576 S.W.2d 310, 312 (Mo. banc 1978); *Wilson v. General Mortgage Company,* 638 S.W.2d 821, 822 (Mo.App.1982); *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 630 (Mo.App.1975).

The facts in this case are similar to and the case is governed by *Vaughn v. Missouri Public Service Company,* 616 S.W.2d 540 (Mo.App.1981). This court held that an action against a public utility for damages past, present and prospective accrues at the time the installation is *first* made, to the *then owner* of the land. This cause of action does not pass with conveyance of title. *Id.* at 541. The plaintiffs believe that by pleading a separate conveyance of the right to sue the utility that they will escape the purview of *Vaughn.* Such is not the case—in *Vaughn,* as here the equipment was installed when former owners held the real estate. Further, it remains here that the previous owners consented to the lines being enacted over the property. The land was later conveyed to the plaintiffs and according to *Vaughn* any entitlement for damages for trespass or inverse condemnation ceased, and their consent could not be changed or later revived by an affidavit, after they had divested title.

The plaintiffs admit in their pleadings that the original owners consented to the installation of the electrical poles. In reliance upon that consent the utility spent time and money to erect the poles and lines. These facts meet the test set out in

*Sanford v. Kern,* 223 Mo. 616, 122 S.W. 1051, 1056 (1909) for easement by estoppel. *Allee v. Kirk,* 602 S.W.2d 922, 925 (Mo. App.1980). The easement cannot be revoked at will and so the original owners had no cause of action to convey in any event. The facts here are not in dispute. Under those facts there is no legal theory which could be pleaded by a subsequent petition so as to afford the plaintiffs any relief. The trial court did not abuse its discretion failing to set aside the dismissal and not allowing the amended petition.

The judgment is affirmed.

All concur.