**LADUE GROUP, L.C.,**
**Plaintiff/Respondent,**

v.

**LEVEL 3 COMMUNICATIONS, L.L.C.,**
**Defendant/Appellant.**

**No. ED 81262.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 20, 2003.

Motions for Rehearing and/or Transfer to Supreme Court Denied July 3, 2003.

Application for Transfer Denied Aug. 26, 2003.

John F. Cowling, Jeffrey T. McPherson, Cynthia A. Sciuto, St. Louis, MO, for appellant.

Mark E. Goodman, Sanford J. Boxerman, Stanley Goldstein, Eli Karsh, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Defendant, Level 3 Communications, L.L.C. (Level 3), appeals from the judgment of the trial court dismissing its counterclaim for condemnation filed in response to the action of plaintiff, Ladue Group, L.C., for trespass and injunctive relief for Level 3's installing conduit for fiberoptic cable on plaintiff's property. We affirm.

Plaintiff owned real property fronting Ladue Road in the City of Ladue (Ladue). Level 3 was a telecommunications company. In November 2000, Level 3 obtained the necessary permits and authorization from Ladue to engage in the underground installation of sixteen conduits for fiberoptic cable along Ladue Road. Beginning in February 2001 through May 2001, Level 3 and its subcontractor, North Star Communications Group, Inc., excavated plaintiff's property, laid the conduit, and used plaintiff's property to park equipment and vehicles. At some point in time, Level 3 discovered that the underground conduit was placed along 156 feet of plaintiff's private property and not within the Ladue Road easement. Level 3 resodded after the work was complete. The only visible sign of construction on plaintiff's property consisted of two manhole lids that were flush with the ground and that were used to access the conduit. Level 3, however, did not thread fiberoptic cable through the conduit.

In August 2001, plaintiff brought an action against Level 3.[1] It sought damages in excess of $500,000.00, treble damages for trespass pursuant to section 537.340 RSMo 2000, and punitive damages. Plaintiff also sought an injunction requiring Level 3 to remove its conduit from plaintiff's property. Level 3 filed a counterclaim for condemnation to acquire an easement in plaintiff's land where the conduit was installed underground. Plaintiff moved to dismiss Level 3's counterclaim.

After a hearing, the trial court dismissed Level 3's counterclaim on the grounds that there was "insufficient evidence of a valid offer" by Level 3 and that there was "no necessity for appropriation." The court also found that the decision in *Mapco, Inc. v. Williams,* 581 S.W.2d 402 (Mo.App.1979) was "factually inapposite." Level 3 appealed from that judgment.

We consider Level 3's second point first because it is dispositive. In that point,

---

1. Plaintiff also named as a defendant North Star, a subcontractor of Level 3. The trial court entered judgment against Level 3 on its counterclaim and did not enter judgment as to defendant-North Star. The court designated its judgment with regard to Level 3 final for purposes of appeal pursuant to Rule 74.01(b). Defendant–North Star therefore is not a party to this appeal.

Level 3 contends that the trial court erred in determining that there was no necessity for appropriation and in finding that the *Mapco* decision upon which Level 3 relied was inapposite.

In that case, Mapco, Inc. initiated an action to condemn a 50–foot easement on defendants' land upon which Mapco had already implanted its pipelines. *Mapco*, 581 S.W.2d at 404. As part of the construction of a dam and reservoir by the United States Corp of Engineers, it became necessary for Mapco to relocate pipelines to accommodate the lake created by the dam. *Id.* Although Mapco intended to relocate the pipelines entirely on government property, it became aware after the project was completed that the final relocation route was on defendants' property. *Id.* at 404–405. The appellate court stated that courts may inquire into questions relating to "necessity" only if the protesting landowner alleges and proves that the condemnor's claim of necessity constitutes fraud, bad faith, or arbitrary and unwarranted abuse of discretion. *Id.* at 405. The appellate court permitted Mapco to acquire "the necessary rights to preserve the improvement in question even though the installation was originally accomplished by virtue of a trespass." *Id.* The court reasoned that "in light of the facts that the relocation had already been completed at the time the petition for condemnation was filed, that the improvement is one of a permanent nature, and that it was devoted to a public purpose," it was necessary for Mapco to acquire an easement from defendants. *Id.*

■ In reaching its decision, the appellate court relied on *Harris v. L.P. and H. Construction Co.*, 441 S.W.2d 377 (Mo.App. 1969). In that case, a telephone utility entered upon plaintiffs' land without legal authority, cut down trees, and erected telephone lines. *Id.* at 379–380. The court recognized that condemnation was a procedure by which land acquired for public use was acquired; and that when the ultimate legal status of the land was the same as if the land had been properly condemned before the trespass occurred, it was considered "inverse condemnation." *Id.* at 381. The court stated that if the trespassing structure was permanent and if it was needed to serve the public or some portion thereof, then the landowner lost the right to force the removal of the structure and was required to recover damages from the trespasser. *Id.* As the court opined, "Inverse condemnation is a remedy designed not to protect the trespassing utility, but to save the public from the loss of needed services because of the improper conduct of the utility." *Id.*

■ We find that *Mapco* and *Harris* are distinguishable on their facts from the case before us. Here, the conduit installed on plaintiff's property was not necessary to serve the public interest. In fact, at the time of trial, no fiberoptic cable had been threaded through the conduit. Further, if Level 3 removed the conduit from plaintiff's property, there would be no disruption in needed services to the public. Thus, the additional factor of the welfare of the public was not an issue in this case, as it was in *Mapco* and *Harris*. In addition, Level 3 presented no evidence that it would suffer an undue burden, whether in cost or otherwise, to remove the underground conduit.

There was insufficient evidence that it was necessary for Level 3 to acquire an easement because the underground conduit was not devoted to or needed for a public purpose. The trial court did not err in dismissing Level 3's counterclaim for condemnation on that basis. Level 3's second point is denied.

In view of our holding, we need not address Level 3's first point on appeal.

The judgment is affirmed.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J.: Concur.