**Alfred and Maryann RYDER, et al., Appellants,**

v.

**Carl WARD, Respondent,**

and

**Hullinger Trucking, Defendant.**

**No. WD 52203.**

Missouri Court of Appeals, Western District.

Nov. 5, 1996.

Robert N. Calbi, Kansas City for appellants.

Kendall R. Garten, Jeffrey L. Groves, Garten & Groves, Blue Springs for respondents.

Before ULRICH, C.J., and HANNA and SPINDEN, JJ.

ULRICH, Chief Judge.

The question presented is whether the five year statute of limitations, § 516.120, RSMo 1994, applies to a cause of action against a county sheriff for tortious conduct arising out of the levy and execution sale of real property. Because the cause of action sounds in tort, the five year statute of limitation applies and bars the cause which accrued nearly ten years before the suit was filed. The trial court's dismissal of the cause is affirmed.

In 1984, a judgment was entered in favor of S & W Farm Supply against Alfred and Maryann Ryder in the amount of $23,000. Carl Ward, the Sheriff of Sullivan County, levied on real estate owned by the Ryders in May 1985. Sheriff Ward sold the property to Hullinger Trucking at a sheriff's sale on June 17, 1985.

The Ryders filed a petition to set aside the sheriff's sale and deed in the Circuit Court of Sullivan County on June 29, 1985, naming Sheriff Ward and Hullinger Trucking as defendants. The Ryders alleged that the sheriff's sale should be set aside for various improprieties and irregularities in the conduct of the sale. Judgment was entered in favor of the defendants.

Nearly ten years later, on May 18, 1995, the Ryders filed the instant action against Sheriff Ward and Hullinger Trucking[1] seeking monetary damages for purported improprieties in the 1985 sheriff's sale. Specifically, the Ryders alleged that Sheriff Ward breached a duty of care owed to the Ryders by failing to properly describe the real estate; by failing to repair the legal description; and by failing to act with the same degree of care, skill, and learning as an ordinary sheriff would have under the same or similar circumstances. They also alleged that Sheriff Ward wrongfully and intentionally refused to correct the legal description and wrongfully executed on the property.

In response to the Ryder's petition, Sheriff Ward filed a motion to dismiss claiming that the action was barred by the statute of limitations and by the doctrines of res judicata and collateral estoppel. On December 14, 1995, the trial court found that the Ryders' cause of action was barred by section 516.120, RSMo 1994, the five year statute of

---

1. Hullinger Trucking is not a party to this appeal.

limitations, and dismissed the case. This appeal followed.

## STANDING

■ Initially, this court must decide if the trial court had jurisdiction to dismiss the Ryders' cause of action. Two months after the Ryders filed this action, they filed a petition for relief under Chapter 7 of the United States Bankruptcy Code[2]. The Ryders claim that upon the filing for bankruptcy protection, they lost standing to proceed with the suit, and, therefore, the trial court did not have jurisdiction to dismiss the case. They argue that the bankruptcy trustee was the only entity with standing to proceed.

■ Standing relates to a party's legal interest in the cause of action so as to give the party a right to relief. *Barker v. Danner,* 903 S.W.2d 950, 957 (Mo.App.1995). If a party is found to lack standing sufficient to maintain the action and, therefore, has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on the matter. *Id.*

■ The commencement of bankruptcy creates an estate comprised of all debtor's property, including causes of action. 11 U.S.C. § 541(a)(1) (1993). The bankruptcy trustee, as representative of the estate, is the only entity entitled to pursue such cause of action. *In re Bell & Beckwith,* 50 B.R. 422 (Bankr.N.D.Oh.1985). The filing of bankruptcy by a party to a cause of action, however, does not abate the action, and the action may be continued in the name of the original party. 1 C.J.S. *Abatement and Revival* § 109 (1985). Substitution of the bankruptcy trustee as a party to the action is not required by statute. § 507.100, RSMo 1994. Section 507.100(3), RSMo 1994, states that "in the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action." Absent a showing of prejudicial injury, the original party in an action has standing to proceed with the action. *Merrick v. Bridgeways, Inc.,* 362 Mo. 476, 241 S.W.2d 1015, 1018 (1951).

The Ryders filed for bankruptcy protection two months after they filed this action against Sheriff Ward. No evidence exists in the record that the Ryders filed a suggestion of bankruptcy with the court or a motion to substitute the bankruptcy trustee as a party in the action. After receiving an adverse judgment in this case, the Ryders claim on appeal that they lost standing to proceed with the case upon their filing of bankruptcy. They fail to show, however, how they were prejudiced in this action by failure to substitute the trustee. The action, therefore, properly continued in the Ryders' names, and the trial court had jurisdiction to rule in this case.

## STATUTE OF LIMITATIONS

■ The Ryders claim that the trial court erred in dismissing their cause of action based on the five year statute of limitations, § 516.120, RSMo 1994.[3] They contend that sections 516.010, 516.110(2), and 516.110(3), RSMo 1994, the ten year statutes of limitations, are applicable in this case.

■ The statute of limitations for tort claims is five years. § 516.120, RSMo 1994; *Denny's Inc. v. Avesta Enters., Ltd.,* 884 S.W.2d 281, 289 (Mo.App.1994). The Ryders' petition against Sheriff Ward alleges tortious conduct arising from the levy and sale of real estate. Section 516.120, RSMo 1994, which provides for a five year statute of limitations, is the applicable statute in this case. Because the cause of action accrued nearly ten years before the case was filed, the trial court properly dismissed the case.

---

**2.** Whether the "automatic stay" of legal proceedings resulting from the filing of a bankruptcy petition or the Bankruptcy Court's order staying pending legal proceedings involving the bankrupt affected this case is not an issue presented by the litigants and is not considered.

**3.** The Ryders also claim that the trial court erred in holding that their cause of action was barred by the doctrine of collateral estoppel. The court's dismissal of this case was based, however, on the statute of limitations. The collateral estoppel issue, therefore, need not be addressed.

The trial court's dismissal of the petition is affirmed.

All concur.