**Thomas L. WAHL, Plaintiff/Appellant,**

v.

**Timothy BRAUN, et al.,
Defendants/Respondents.**

No. 74050.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1998.

Thomas L. Wahl, Lake St. Louis, pro se.

Joann Mary Leykam, Office of County Counselor, St. Charles, for respondents.

SIMON, Presiding Judge.

Plaintiff, Thomas L. Wahl, appeals a summary judgment entered on his Petition for Compliance (petition) in favor of defendants, Timothy Braun (Braun) and David Van Mierlo (Van Mierlo). On appeal, plaintiff contends the trial court erred in granting summary judgment because defendants are prevented from teaching at the St. Charles Community College (Community College) while they are employed by the St. Charles County Prosecuting Attorney's office (Prosecutor's Office), pursuant to the St. Charles County Charter (Charter), section 4.1004.2. We affirm.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c). *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376[1–3], [4–6] (Mo. banc 1993).

When considering appeals from summary judgments, we will review the record in the light most favorable to the party against whom judgment was entered. *ITT*, 854 S.W.2d at 376[1–3]. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

Our review is essentially de novo. *Id.* at 376[4–6]. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. *Id.*

Where, as here, the trial court grants summary judgment without specifying the basis upon which it was granted, we will uphold the summary judgment if it is appropriate under any theory. *Southwestern Bell Yellow Pages v. Robbins*, 865 S.W.2d 361, 369 (Mo. App. E.D.1993).

On November 7, 1997, plaintiff filed his *pro se* petition alleging that he is a resident and citizen of the County of St. Charles and the State of Missouri and that defendants' holding of positions in the Prosecutor's Office, while also holding teaching positions at the Community College, violates the Charter, in particular, section 4.1004.2, which provides in pertinent part:

4.1004   *To Serve as Prosecuting Attorney, a person must:*

*4.1004.1 . . . .*

*4.1004.2   Shall not at the time of assuming office, hold any other remunerative office with the United States, the State of Missouri, St. Charles County, or any political subdivision of the State.   This Subparagraph shall not apply to membership in the military forces of the United States, the State militia, or notaries public;*

\* \* \*

Moreover, plaintiff alleged that Braun was in violation of section 56.067 RSMo 1994 (hereinafter all references are to RSMo 1994 unless otherwise indicated), which requires that prosecutors in certain first class counties devote full time to their office. Section 56.067 provides:

**56.067   Prosecuting attorney must devote full time to office (certain first class counties).**–In counties of the first class not having a Charter form of government, the prosecuting attorney shall devote full time to his office, and, except in the performance of his official duties, shall not engage in the practice of law.

Plaintiff alleged that compensation provided to defendants by the Community College created an actual and/or potential conflict of

interest with respect to a large class of individuals (class), including: administrators, trustees, employees, and attendees of the Community College. Plaintiff maintained that this actual and/or potential conflict of interest gave an impermissible benefit to members of the class, who may be subject to criminal prosecution within the County. Further, plaintiff argued that the actual and/or potential conflict of interest was harmful to individuals who may be the subject of a criminal complaint filed in the Prosecutor's Office by any member of the class.

In his petition, plaintiff prayed that the trial court order defendants to terminate their employment with the Community College or enjoin defendants from acting as prosecutor and assistant prosecutor. Additionally, plaintiff prayed that defendants immediately return all compensation provided to them by the Community College during the time they maintained employment at the Prosecutor's Office, in order to remove any possible conflict of interest created by such employment.

On December 10, 1997, defendants filed a motion to dismiss or, in the alternative, for summary judgment (motion), alleging that plaintiff lacked standing. Further, the motion alleged that plaintiff failed to state a claim upon which relief could be granted with regard to Van Mierlo in that he: (1) is not prohibited by the Charter from holding other office, or other employment; (2) is a part-time employee of the County Prosecutor's Office; and (3) does not have a conflict of interest. Moreover, the motion alleged that plaintiff failed to state a claim upon which relief could be granted with regard to Braun in that: (1) he is not prohibited by the Charter from holding any other employment, but rather from holding any other office; (2) he does not have a conflict of interest preventing him from performing his duties as a prosecutor; and (3) his teaching of a course does not mean he fails to devote "full-time" to his office.

The motion was accompanied by certain exhibits including: the affidavit of Joseph Kernall, the Director of Finance for St. Charles County, stating that Van Mierlo is a "percentage-time" (.70) employee of St. Charles and appears on the payroll as the Managing Attorney for the Prosecutor's Office, exhibit A; the Position Description for Managing Attorney, exhibit B; the affidavit of Van Mierlo, stating the duties of his position as Managing Attorney, exhibit C; and Attorney General opinion 130–1966, clarifying the meaning of the term "full-time," exhibit D.

Plaintiff filed his response to defendants' motion. Plaintiff's response was inadequate because it failed to dispute with particularity in separately numbered paragraphs each material fact as to which defendants claimed there was no genuine issue, and failed to refer specifically to supporting documentation pursuant to Rule 74.04(c)(2). However, plaintiff's response is still subject to our review.

Although not raised in his point on appeal, we will address plaintiff's response to defendants' motion in which he argued that the conflict of interest created by defendants has given him an "undeniable right" under article I, section 9 of the Missouri Constitution and the First Amendment of the United States Constitution, to "apply to those invested with the powers of government for redress of grievances by petition," and that pursuant to this right he has standing to challenge the action taken by defendants. In support of his response, plaintiff offered a letter he had written to the St. Charles County Counselor's Office (Office), in which he implored the Office to "take action" on the matter of defendants' employment and that the failure of a response to his letter left the courts as his only alternative.

Further, he alleged that as a result of defendants' work at the Community College and any potential and/or actual conflicts of interest, plaintiff had standing since he was perceptibly harmed by their actions because: (1) important functions of their office were conducted without their supervision; and (2) their employment at the Community College created a conflict of interest. The trial court issued its order and judgment, granting defendants' motion for summary judgment, and dismissing plaintiff's petition with prejudice.

Subsequently, on February 6, 1998, plaintiff filed a motion to amend judgment, asking the trial court to make findings as to which of defendants' points and arguments were relied on by the court, in making its decision. The trial court denied plaintiff's motion to amend judgment because plaintiff had failed to request findings of fact on the record prior to the court's judgment, pursuant to Rule 73.01(a)(3).

■ In his sole point on appeal, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment in that they are employed by the Community College and receive compensation in addition to the compensation received from their employment at the Prosecutor's Office. Plaintiff argues that the teaching positions held by defendants qualify as "remunerative offices" of a political division of the state and that holding a "remunerative office" of a political division of the state and maintaining employment at the Prosecutor's Office, is in violation of the Charter. In their brief, defendants raise the issue of whether plaintiff has standing to maintain this action.

Article I, section 9 of the Missouri Constitution provides:

> That the people have the right peaceably to assemble for their common good, and to apply to those invested with the powers of government for redress of grievances by petition or remonstrance.

Moreover, the First Amendment of the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble; and to petition the Government for a redress of grievances.

■ All citizens have the right to assemble peaceably, to organize for any proper purpose, to speak freely, and to present their views and desires to any public officer or legislative body. *See City of Springfield v. Clouse,* 206 S.W.2d 539, 542[1,2]. Nevertheless, neither article I, section 9, nor the First Amendment of the United States Constitution, confer standing upon plaintiff to maintain this action.

■ "Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *Eastern Missouri Laborers Dist. Council v. St. Louis County,* 781 S.W.2d 43, 45–46 (Mo. banc 1989). To have proper standing, the party seeking relief must show two things: that he is sufficiently affected by the action he is challenging to justify consideration by the court of the validity of his action, and that the action violates the rights of the particular party who is attacking it and not of some third party. *Estate of Stroetker v. Caskey,* 934 S.W.2d 35 (Mo.App. E.D.1996).

Here, plaintiff has failed to allege facts which establish a legally cognizable interest in the subject matter and that he has a threatened or actual injury as a result of defendants' employment at the Community College. Plaintiff has pled no harm directly suffered as a result of defendants' actions. Plaintiff simply bases his allegations on the possibility of unfavorable circumstances resulting from the actions of defendants. We do not address the merit of plaintiff's point on appeal, since he is without standing. *Champ v. Poelker,* 755 S.W.2d 383, 386–87 (Mo.App. E.D.1988).

Judgment affirmed.

CRANE and MOONEY, JJ., concur.