**Dr. Mack McCAIN, Respondent,**

v.

**Cheryl WASHINGTON, Appellant.**

**No. 74751.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 20, 1999.

Kayla Vaughan, St. Louis, for appellant.

Rich B. Nelson, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Defendant, Cheryl Washington, appeals from the trial court's grant of summary judgment in favor of plaintiff, Dr. Mack McCain, in his action for ejectment. We reverse and remand.

Cheryl Washington (hereinafter Mother) met Dr. Mack McCain (hereinafter Father) in 1983 while he was training and working as a physician at a Washington, D.C. hospital where she was employed as a secretary. In November 1985, the parties' first child was born. In 1986, the parties moved to St. Louis. In 1988, Father purchased a home located at 11156 Fairborough Court (hereinafter residence) in St. Louis County and titled the property in his name only. The parties lived there with their five children who were born between November 1985 and April 1994 and three other children belonging to Mother. During their relationship, Mother was not employed outside the home. The parties never married.

When the parties' relationship became strained, they entered into an agreement

on November 7, 1997. The agreement provided in pertinent part as follows:

> Mack McCain, hereby agrees to permit Cheryl Washington and the children of the parties and other children whom Cheryl Washington has legal custody, to remain in the residence ... until the property is listed with a Real Estate Agent for sale by Mack McCain. On or before said date, Cheryl Washington and all children shall vacate the residence ... and shall surrender possession of said residence to Mack McCain. Cheryl Washington shall receive 30 days advance Notice of the listing of the above-mentioned residence and Mack McCain agrees to locate replacement housing for Cheryl Washington and to provide financial assistance to her in obtaining such replacement housing not to exceed $1300 per month lease, provided Cheryl is not receiving child support.

Father brought an ejection action on December 2, 1997. He alleged that he was entitled to possession of the residence; that he had demanded that Mother leave the residence; and that she had refused. In addition, he requested damages in the amount of the reasonable rental value for the months she was in unlawful possession of the residence. In her answer, Mother denied Father's allegations and raised affirmative defenses to his ejection action: namely, that Father breached the terms of the November 7 agreement and that Father was estopped to eject her because of promises he made to support her and their children.

Father moved for summary judgment, alleging there was no genuine issue of material fact and he was entitled to possession of the residence as a matter of law. He supported his motion with a copy of the general warranty deed listing him as the owner of the residence as well as an affida-vit attesting to his right to possession and Mother's refusal to vacate. In her response to the motion for summary judgment, Mother alleged that Father's ownership of the residence did not establish his right to possession and that Father failed to defeat her affirmative defenses.[1] In her accompanying affidavit, she alleged the lack of a landlord-tenant relationship between her and Father, her lawful possession of the residence, and her detrimental reliance upon representations made by Father. Supplemental affidavits of both parties followed. Father's averred compliance with the agreement in that he sent Mother a letter, dated December 12, 1997, requesting her to vacate the residence and offered to move Mother and the children into replacement housing, an offer which she refused. Mother countered that she did not receive such a letter and that she was offered no replacement housing into which she could legally move. The trial court granted summary judgment in favor of Father, ordering Mother to vacate the premises and awarding Father $2,000.00 per month from December 1, 1997, as and for the reasonable rental value of the residence. Mother voluntarily vacated the residence on September 10, 1998.

When considering appeals from summary judgments, we review the record in the light most favorable to the non-movant, and give that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). A party moving for summary judgment "bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing." *Id.* at 382. "Facts set forth by affidavit or otherwise

---

1. Mother's response to Father's motion for summary judgment did not comply with Rule 74.04(c)(2) in that Mother's response failed to dispute with particularity in separately numbered paragraphs each material fact as to which father claimed there was no genuine issue and failed to refer specifically to supporting documentation. *See Wahl v. Braun,* 980 S.W.2d 322, 324 (Mo.App. E.D.1998). Nevertheless, Mother's response is subject to our review. *See id.*

in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* at 376. Appellate review is essentially de novo. *Id.*

■ Before we address the points on appeal, we consider Father's argument that Mother's vacating the residence rendered the issue as to possession moot on appeal. Father relies on *Steen v. Colombo*, 799 S.W.2d 169 (Mo.App.1990) to support this proposition. In that case, the court stated, "[W]hen the object of a proceeding is to secure possession of a particular tract of land, a voluntary surrender of possession may bar the right to appeal, where the property is surrendered before process to enforce the judgment has issued." *Id.* at 175. The case before us, however, is distinguishable from *Colombo* in that in the ejectment action Father was seeking not only to secure possession of the residence but also to obtain a money judgment against Mother. Although Mother vacated the residence which was the subject of the ejectment action, the trial court awarded damages to Father in the amount of $2,000.00 per month for the period of time Mother allegedly was in unlawful possession of the residence. Whether Mother was in unlawful possession of the residence and whether Father was entitled to possession thereof at the time he brought the ejectment action are central to the issue of whether Mother is liable for rent and thus remain viable issues for appeal. Thus, the appeal is not moot.

■ In her first point, Mother contends the trial court erred in granting summary judgment in Father's favor because there remained a material issue of fact regarding Father's right to possession of the residence. In order to recover in an ejectment action, a plaintiff must prove that "at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof." Section 524.080, RSMo (1994). Section 524.060, RSMo (1994) requires that plaintiff aver in his petition he is entitled to possession of the premises and defendant "unlawfully withholds" possession from him.

In the instant action, Father's petition averred that he was the owner of the residence and was entitled to possession; but despite his demands for her to leave, Mother refused. He established his ownership of the residence by submitting a general warranty deed listing him as the sole owner of the residence. In his affidavit, he attested to his right to possession and Mother's refusal to vacate.

In her answer, Mother raised the affirmative defenses of estoppel and Father's breach of the November 7 agreement. In her response to the motion for summary judgment and her supporting affidavit, Mother alleged that Father breached the agreement in that he neither gave her the requisite 30-day notice nor found replacement housing for her and their children. Mother did not challenge Father's exclusive ownership of the residence.

Father need not establish ownership of the residence, but rather must establish his right to possess the residence at the time he instituted the ejectment action. *See Harris v. L.P. and H. Constr. Co.*, 441 S.W.2d 377, 383 (Mo.App.1969). Thus, Father's status as owner of the residence did not establish his right to possession. Mother's affirmative defense of estoppel could also defeat Father's right to possession. *See id.* In addition, Mother's allegations that Father did not give her proper notice and did not find replacement housing raised the issue of whether she was in lawful possession of the residence at the time of the ejectment action. Although Father's affidavit claimed he did comply with the agreement when he sent a letter to Mother, Mother contended that she did not receive the letter. Thus, there were issues of material fact as to whether Mother was in lawful possession of the residence and whether Father was entitled to possession thereof at the time the ejectment action was initiated. Mother's first point is granted.

In her second point, Mother asserts the trial court erred in granting summary judgment in favor of Father because the affirmative defenses raised by Mother preclude summary judgment.

Rule 55.08 requires a party raising an affirmative defense to plead the defense. The purpose behind this rule is to give plaintiff notice of the defense. *Lucas v. Enkvetchakul*, 812 S.W.2d 256, 263 (Mo.App.1991). "A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. An affirmative defense is asserted by pleading additional facts not necessary to support a plaintiff's case which establish a defense to liability. *ITT*, 854 S.W.2d at 383. Bare legal conclusions fail to inform the plaintiff of the facts relied upon and, thus, fail to further the purpose protected by Rule 55.08. *Id.*

Mother raised estoppel as a defense to Father's possession of the residence. The elements of equitable estoppel are (1) a statement or act by one party inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such acts or statements, and (3) injury to the other party resulting from allowing the first party to contradict or repudiate such statement or act. *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 400 (Mo.App. 1984). Here, Mother pleaded that Father induced her to move to St. Louis to live with him and assured her that he would support her and their children; and that she relied on his representations to her financial detriment when she sought employment after her years out of the work force. In addition, she alleged that Father did not comply with the November 7 agreement in that he did not give her the requisite 30–day notice and did not find her replacement housing. Thus, Mother pleaded sufficient facts to raise her affirmative defenses in accordance with Rule 55.08.

When a defendant has properly raised an affirmative defense, a claimant's right to summary judgment depends on the non-viability of that defense in addition to the viability of a claimant's claim. *ITT*, 854 S.W.2d at 381. In the instant action, Father did not reply to Mother's affirmative defenses. A claimant moving for summary judgment in the face of properly pleaded affirmative defenses has the burden to show the affirmative defenses fail as a matter of law. *State ex rel. Nixon v. Consumer Automotive Resources, Inc.*, 882 S.W.2d 717, 720 (Mo.App. E.D.1994). Because Father did not establish the non-viability of Mother's affirmative defenses, Father was not entitled to summary judgment as a matter of law. Mother's second point is granted.

In her third point, Mother contends the trial court erred in entering judgment in favor of Father on his claim for rent in the amount of $2,000.00 per month for the period of time in which Mother allegedly was in unlawful possession of the residence.

Section 524.110, RSMo (1994) provides that a successful plaintiff in an ejectment action is entitled to recover rents and profits as damages. In order for Father to be entitled to recover rents from Mother, he must prevail on his ejectment action. In view of our holding that there were issues of fact regarding Mother's unlawful possession of the residence and Father's right to possession thereof, the issue of damages for rent depends on the resolution of those issues. The trial court, therefore, erred in entering summary judgment in favor of Father on the issue of damages. Mother's third point is granted.

The judgment of the trial court is reversed and the cause is remanded.

JAMES A. PUDLOWSKI, P.J., and CLIFFORD H. AHRENS, J., Concur.