ROBERT G. DOWD, JR., Judge.
Carole L. Meyer, now known as Carole L. Reinke (Wife), appeals from the judgment of the trial court dismissing her Motion to Enforce Decree of Dissolution and Motion to Reduce Reimbursable Expenses to a Sum Certain for lack of jurisdiction. Wife contends the action was to enforce a provision for educational expenses under a decree of dissolution, and parents should be allowed to enforce such a provision regardless of the age of the child. We affirm.
The essential facts are undisputed. On June 29, 1976, the parties’ marriage was dissolved. The decree incorporated therein the parties’ separation agreement which included a provision for payment of educational expenses of the minor children, Jeffrey R. Meyer and Richard W. Meyer. Paragraph 14 of the separation agreement which set forth the educational provision reads as follows:
*42 Husband agrees to pay all reasonable educational expenses, including, but not limited to, tuition, books, laboratory fees, as may be incurred by each of said minor children while each such minor child is attending secondary school, college, and post-graduate school or professional school.
In September 2000, Wife filed a Motion to Enforce Decree of Dissolution and Motion to Reduce Reimbursable Expenses to a Sum Certain, seeking an order requiring Husband to pay the educational expenses incurred by their child, Richard W. Meyer, who as an adult enrolled, attended, and graduated from the New England College of Optometry Boston. Thereafter, Husband filed a Motion to Dismiss, alleging Wife had no standing because the child, Richard W. Meyer, was not a minor when the educational expenses were incurred.
The trial court dismissed Wife’s motion for lack of jurisdiction. Wife filed a Motion for New Trial or, in the Alternative, to Alter or Amend. The trial court denied the motion and Wife filed this timely appeal.
In her only point, Wife contends the trial court erred in dismissing her motion for lack of jurisdiction because this was an action to enforce a provision for educational expenses under a decree of dissolution, and public policy should allow parents to enforce such provisions for the benefit of their children regardless of the age of the child. We disagree.
Where the facts are undisputed, the question of subject matter jurisdiction is a question of law that is reviewed de novo by the appellate court. Cook v. Polineni, 967 S.W.2d 687, 690 (Mo.App. E.D. 1998).
A party seeking relief must have a legally cognizable interest in the subject matter and a threatened or actual injury to have standing. Wahl v. Brawn, 980 S.W.2d 322, 325 (Mo.App. E.D.1998). A party seeking relief must show she is sufficiently affected by the action she is challenging to justify consideration by the court of the validity of her action and the action violates the rights of the particular party who is attacking it and not of some third party. Id.
Wife correctly notes that “paying a child’s college expenses is a form of child support.” In re Marriage of Eskew, 31 S.W.3d 543, 546 (Mo.App. S.D.2000). Wife alleged in her motion that she incurred post-graduate tuition expenses for Richard in excess of $155, 000.[1] Assuming arguen-do Wife did pay Richard’s tuition, Wife was under no legal obligation to provide such support. When a child chooses to pursue a higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs. Section 452.340.5, RSMo 2000. Richard incurred the educational expenses at issue when he was twenty-five to twenty-nine years old. Accordingly, any of the post-graduate educational expenses allegedly paid by Wife were voluntary, and Wife has no claim for reimbursement from Husband.
Wife has failed to allege facts that establish a legally cognizable interest in the subject matter and has pled no harm directly suffered as a result of Husband’s failure to pay Richard’s tuition. Accordingly, we find Wife does not have standing to pursue her claim. Because Wife is without standing, we will not address the *43 merit of the underlying action. Wahl, 980 S.W.2d at 325.
Standing is related to a party’s legal interest in the cause of action so as to give the party a right to relief. Ryder v. Ward, 933 S.W.2d 428, 430 (Mo.App. W.D.1996). When a party lacks standing sufficient to maintain the action and, consequently, has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on the matter. Id.
Accordingly, we find Wife does not have standing,[2] and therefore, the trial court did not err in dismissing Wife’s motion for lack of jurisdiction.
The judgment of the trial court is affirmed.
CRANDALL, P.J., and CRANE, J., concur.

. Wife makes no such assertion in her brief, and Husband in his brief contends Richard, not Wife, paid the tuition.

. At oral argument, counsel for Wife urged that Wife might have standing based on a provision in the separation agreement. This argument was not set forth in Wife’s brief. Accordingly, we decline to address this issue.