

# Missouri Court of Appeals
## Southern District

### In Division

DEBRA WAX, )
)
    Plaintiff-Appellant, )
)
v. ) No. SD38370
) Filed: December 11, 2024
SARAH VICKERS, )
)
    Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Mark D. Calvert, Associate Circuit Judge

**<u>AFFIRMED</u>**

This appeal arises from a petition for ejectment filed by Debra Wax (Plaintiff) against Sarah Vickers (Defendant). After a bench trial, the trial court entered judgment for Defendant. Plaintiff appeals, alleging that the judgment is against the weight of the evidence and that the trial court misapplied the law. Neither contention has merit because Plaintiff failed to meet her burden of proving she had a superior right to possession of the premises. Therefore, we affirm the judgment.

### Standard of Review

"The judgment is presumed correct, and the party challenging the judgment bears the burden of proving it erroneous." ***O'Connell v. Deering***, 631 S.W.3d 649, 652 (Mo. App.

2021). In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 31-32 (Mo. banc 1976).[1] On appeal, this Court defers to credibility determinations made by the trial court. *Ford v. Giovanelli*, 660 S.W.3d 467, 471-72 (Mo. App. 2023). No party requested findings of fact by the trial court, so we view the facts "as having been found in accordance with the result reached." Rule 73.01(c); *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 437 (Mo. banc 2020). In applying this standard of review, we must take into consideration which party has the burden of proof on an issue. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). A trial court is free to believe all, some, or none of the evidence offered to prove a contested fact. *Id.*; *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo. App. 2010). "We review questions of law decided in a court-tried case *de novo*." *O'Connell*, 631 S.W.3d at 652.

## Factual and Procedural Background

Plaintiff filed the petition on September 13, 2023. In relevant part, the petition alleged that: (1) Plaintiff and her non-party husband (Husband) were the fee simple owners of real property located on North Maple Street in Rolla, Missouri (hereinafter, the Property); (2) Plaintiff and Defendant executed a promissory note (hereinafter, the Note) whereby Defendant was to pay the Note each month; (3) Defendant had failed to pay the Note for the past 12 months; (4) Plaintiff had made those payments and continued to do so; (5) Plaintiff made demand upon Defendant to vacate the Property; and (6) Defendant was in possession of the Property without right or title and continued to withhold the Property from Plaintiff. The prayer for relief requested that Plaintiff be restored to possession and that she recover damages and costs from Defendant. The petition had two exhibits attached. Exhibit 1 was

---

[1] All references to rules are to Missouri Court Rules (2023), and all references to statutes are to RSMo (2016).

a general warranty deed bearing the date of August 15, 2019, and naming Plaintiff and Husband as the grantees. Exhibit 2 was the Note promising to pay First State Community Bank (the Bank) the amount of $51,210. The borrowers listed on the Note were Defendant, Plaintiff, and Husband. The petition contained no explanation for why Defendant was obligated to pay a substantial debt on real estate that did not include her name on the general warranty deed.

A bench trial commenced on November 8, 2023. Plaintiff was represented by counsel, and Defendant appeared *pro se*.[2] Viewed in accordance with the result reached, the following facts favorable to the judgment were presented at trial.

Plaintiff and Husband were Defendant's mother and stepfather. Defendant had lived in another house in the country for 12 years before she was contacted by Plaintiff and Husband in 2019. They called Defendant and asked her to move to town because they had found a house for her. There was no written agreement, contract for deed, or rental agreement for the Property. Defendant and Plaintiff signed the written purchase offer listing them as buyers. Defendant, Plaintiff, and Husband went to the Bank and obtained a loan to purchase the Property. Defendant believed that she was buying the Property, that her name would be on the general warranty deed, and that the Note she signed was to provide funds for her purchase.

Prior to the closing, Defendant got a call from Husband, during which he stated that the Bank "had drawn up the paperwork wrong and the closing would be the following

[2] Defendant is self-represented on appeal and filed no respondent's brief. There is no penalty for that omission, and we merely adjudicate the appellant's claim of error without the benefit of whatever argument, if any, the respondent could have made in response to it. *See M.T. v. M.T.*, 658 S.W.3d 125, 127 n.2 (Mo. App. 2022).

week[.]" The closing took place on August 15, 2019. Defendant did not see any of the paperwork until the closing, when "papers were shuffled around and [Defendant] was told to sign." Defendant, Plaintiff and Husband all signed the Note, which was in the amount of $51,520 and had a 30-year term. Defendant thought Plaintiff and Husband were just acting as cosigners on the Note. At some point, Defendant's name had been stricken from the first page of the written purchase offer as a buyer. She was not present when this change was made, did not initial or date it, and Defendant was still listed on the back page as a buyer. The general warranty deed for the Property listed only Plaintiff and Husband as grantees. Defendant received copies of the closing documents, but she did not review them at that time. She did not receive a copy of the general warranty deed, so she was not aware that her name had been omitted.

After the closing, Plaintiff and Husband had executed a beneficiary deed that, in the event of their deaths, would transfer the Property to Defendant. During the hearing, Plaintiff admitted that the Property was purchased because she and Husband "wanted to be sure [Defendant] had a place to live." Later in the hearing, Plaintiff gave the following additional testimony about the purpose of purchasing the Property:

> Q. So [Defendant] borrowed money to pay for this [P]roperty, but she's not listed on the general warranty deed. Why did she borrow money to pay for this [P]roperty if she wasn't going to be listed on the deed?
>
> A. The home was purchased, you know, as a home for her, you know, to pay directly to the [B]ank, because she couldn't purchase a home.
>
> Q. So was it your intent, you and [Husband's] intent, that she would purchase this home and you were cosigners on the [N]ote because she couldn't get the loan in her own name, she had to have a cosigner?
>
> A. Pretty much.
>
> Q. Do you know why she was not then listed on the general warranty deed as a co-owner of the [P]roperty?

A. Because I believed the beneficiary was TOD, that she would take over if the two of us were deceased.

After closing, Defendant made the $457 monthly Note payments directly to the Bank. That continued for at least three years. However, when a "family tiff" occurred, Plaintiff threatened to kick Defendant out of the house. This was the first time Defendant learned that her name was not on the general warranty deed for the Property. At that point, Defendant stopped making the Note payments. Plaintiff sent Defendant a notice to vacate on September 1, 2023, but Defendant continued residing on the Property.

On December 15, 2023, the trial court entered a judgment in favor of Defendant. The judgment stated that "Plaintiff has failed to meet her burden of proof in this matter." The petition for ejectment was denied. This appeal followed.

**Discussion and Decision**

Plaintiff's single point contends the trial court erred by entering judgment because: (1) the judgment was against the weight of the evidence; and (2) the court misapplied the law. For the following reasons, neither argument has merit. For ease of analysis, we will review Plaintiff's contentions in reverse order.

At the outset, we note that Plaintiff's point is multifarious because it states two *Murphy* grounds for reversal: against the weight of the evidence and misapplication of the law. *See, e.g.*, ***Riead, Co-Tr. of John T. Riead, Jr. Revocable Tr. v. Riead, Co-Tr. of John T. Riead, Jr. Revocable Tr.***, 685 S.W.3d 532, 544 n.11 (Mo. App. 2023). Nevertheless, this Court may, in its discretion, review a non-compliant point *ex gratia* when the argument is

5

readily understandable. *Id*. Because that is the case here, we exercise our discretion to review Plaintiff's point.[3]

*The Trial Court Did Not Misapply the Law*

Plaintiff contends that the trial court misapplied the law by deciding Plaintiff had failed to carry her burden of proof. This contention incorrectly assumes that Plaintiff met her burden of proof merely by introducing evidence that her name was listed on the general warranty deed as a grantee. Because this contention is based on a faulty premise, it lacks merit.

Plaintiff's petition stated a statutory claim for ejectment. Ejectment is a possessory action. *Luttrell v. State Highway Comm'n*, 367 S.W.2d 615, 618 (Mo. 1963); *City of St. Charles v. De Sherlia*, 303 S.W.2d 32, 34 (Mo. 1957). "An action for the recovery of the possession of premises may be maintained in all cases where the plaintiff is legally entitled to the possession thereof." § 524.010. Thus, Plaintiff had the burden of proving that: (1) Defendant was in actual possession of the Property; and (2) Plaintiff was legally entitled to such possession. *See, e.g.*, *Robin Farms, Inc. v. Bartholome*, 989 S.W.2d 238, 253 (Mo. App. 1999). As explained in *Gilbert v. K.T.I., Inc.*, 765 S.W.2d 289 (Mo. App. 1988):

> Ejectment does not depend on title for relief; the criterion is the right to possession. *First National Bank of Cape Girardeau v. Socony Mobil Oil Co., Inc.*, 495 S.W.2d 424 (Mo. 1973). **Such a cause of action is defeated, regardless of the ownership of real estate, if plaintiffs do not have, at the time the action is commenced, a right to possession**. *Harris v. L.P. and H. Constr. Co.*, 441 S.W.2d 377, 383 (Mo. App. 1969).

---

[3] We cautiously exercise this discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable, which is not true. *See* **Interest of D.A.B.**, 570 S.W.3d 606, 615 (Mo. App. 2019).

6

*Gilbert*, 765 S.W.2d at 293 (bold emphasis added). To be legally entitled to possession, Plaintiff had to prove that she had a right of possession superior to Defendant. *See, e.g.*, *Rodgers v. Threlkeld*, 22 S.W.3d 706, 712 (Mo. App. 1999).

In **Smith v. Capital Region Med. Ctr.**, 458 S.W.3d 406 (Mo. App. 2014), the western district of this Court correctly describes the dual components of a burden of proof:

> [T]he burden of proof consists of two parts: the burden of production and the burden of persuasion. The burden of production is simply the initial burden of having *some* evidence to support each element of the claim, so as to overcome a summary disposition such as a directed verdict or summary judgment. On the other hand, the burden of persuasion is a party's duty to convince the fact-finder to view the facts in a way that favors that party. Indeed, the burden of persuasion is met when, after a careful consideration and weighing of both parties' evidence, a fact-finder decides in favor of the party who carried the burden of proof on those issues.

*Id*. at 417 (italics in original; internal quotation marks and citations omitted). Here, the trial court concluded that Plaintiff failed to meet her burden of proof. The ruling correctly applied the law.

The determinative issue in this case is whether Plaintiff had a superior right to possess the Property. Viewing the evidence in the light most favorable to the judgment, we conclude that the trial court correctly applied the law by deciding Plaintiff failed to prove a superior right to possess the Property. Defendant believed that she was buying the Property and would be named as the grantee on the general warranty deed. Plaintiff admitted that this is what she and Husband intended, and she is bound by that testimony. *See Ash v. Beal*, 690 S.W.3d 489, 494 (Mo. App. 2023) (it is well settled that a party is bound by his or her testimony that is not corrected or explained). The omission of Defendant's name from the general warranty deed was based upon Plaintiff's mistaken belief that a beneficiary deed to Defendant was sufficient. These facts might entitle Defendant to have the deed reformed. *See **Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-3 v. Luna***,

7

655 S.W.3d 820, 827 (Mo. App. 2022). The trial court also could reasonably infer that Plaintiff knew Defendant's name was not on the deed, but she and Husband voluntarily placed Defendant in possession of the Property anyway. Defendant remained in possession and made the monthly Note payments until a "family tiff" occurred, and she was told to vacate the Property. These facts defeated Plaintiff's ejectment action, regardless of the actual ownership of the Property, because Plaintiff failed to persuasively prove that she had a superior right to possess the Property.

For example, in *McCain v. Washington*, 990 S.W.2d 685 (Mo. App. 1999), the plaintiff filed an ejectment petition alleging that he was the sole owner of the residence, and his former wife remained in possession of the premises after being told to leave. *Id*. at 688. The trial court granted summary judgment to the plaintiff. On appeal, that ruling was reversed for the following reason:

> Father need not establish ownership of the residence, but rather must establish his right to possess the residence at the time he instituted the ejectment action. *See Harris v. L.P. and H. Constr. Co.*, 441 S.W.2d 377, 383 (Mo. App. 1969). Thus, Father's status as owner of the residence did not establish his right to possession. Mother's affirmative defense of estoppel could also defeat Father's right to possession. *See id.* In addition, Mother's allegations that Father did not give her proper notice and did not find replacement housing raised the issue of whether she was in lawful possession of the residence at the time of the ejectment action. Although Father's affidavit claimed he did comply with the agreement when he sent a letter to Mother, Mother contended that she did not receive the letter. Thus, there were issues of material fact as to whether Mother was in lawful possession of the residence and whether Father was entitled to possession thereof at the time the ejectment action was initiated.

*McCain*, 990 S.W.2d at 688; *see also* **Gilbert**, 765 S.W.2d at 293 (an ejectment cause of action is defeated, regardless of the ownership of the real estate, if the plaintiff does not have a superior right of possession when the action is commenced). Plaintiff's contention that the trial court misapplied the law lacks merit.

*Because Plaintiff Failed to Follow the Mandatory Analytical Sequence,*
*We Cannot Engage in an Against-the-Weight-of-the-Evidence Review*

Plaintiff also contends that the judgment is against the weight of the evidence. An against-the-weight-of-the-evidence challenge requires the completion of four sequential steps:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;
>
> (3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
>
> (4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Houston*, 317 S.W.3d at 187. Plaintiff has failed to follow this mandatory sequence, which renders her argument analytically useless and provides no support for this challenge. *See Int. of Z.Y.M.B.*, 663 S.W.3d 869, 874 (Mo. App. 2023). Accordingly, Plaintiff's contention that the judgment was against the weight of the evidence lacks merit.

Having considered both contentions presented by Plaintiff and concluded that neither has merit, Plaintiff's point is denied. The judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

BECKY J. WEST, J. – CONCUR

9